BRADSHAW *v.* THE STATE OF OHIO.

(Decided November 22, 1928.)

*Miss Daisy D. Perkins* and *Mr. Adolph Goldfrederick,* for plaintiff in error.

*Mr. John J. Chester, Jr.,* prosecuting attorney, and *Mr. Paul C. Hicks,* for defendant in error.

Kunkle, J. Plaintiff in error, John Bradshaw, was indicted, tried, and convicted of murder in the first degree. The jury did not recommend mercy. Plaintiff in error was thereupon sentenced to be electrocuted.

The defense urged during the trial of the case was that of insanity.

Plaintiff in error during the pendency of this action made the defense of insanity under the provisions of Section 13608, General Code. This section reads as follows:

"That whenever upon arraignment or the calling for trial of a defendant indicted for a criminal offense, immunity from pleading to the indictment is claimed on behalf of the defendant on the ground that he is at the time insane, such claim of immunity shall be made in writing signed by defendant's counsel and supported by a certificate of a reputable physician and both filed as part of the record in the case; and whenever upon such arraignment or calling for trial of a defendant so indicted, the defendant shall plead not guilty, if the existence of insanity in the defendant at the time of the commission of the alleged offense is to be claimed as a defense, the defendant, by counsel, shall in writing upon plea pleaded or within such later period of time as the court may fix, notify the judge of his intention to make such defense, which notice to the judge shall be filed as part of the record in the cause; and whenever after a verdict of guilty the attorney for the defendant notifies the trial court in writing, supported by a certificate of a reputable physician that the defendant is not then sane, such written notice and certificate shall be filed as part

of the record in the cause, and the following proceedings shall be had: A jury shall be immediately impaneled as in other cases, and the trial as to the defendant's mental condition at the time in question shall be had and three-fourths of said jury can return a verdict. The judge of the trial court shall appoint one or more disinterested qualified physicians, not exceeding three, to testify as experts at such trial, and shall immediately notify counsel of the persons so appointed, giving their names and addresses. In the event the defendant is found to be sane such finding can be introduced in evidence on the trial of the defendant under the indictment, and where no error proceedings have been prosecuted, and the time for prosecution thereof has expired, such finding shall be conclusive evidence of the sanity of the accused at the time in question. The expert witnesses appointed by the court may be examined regarding their qualifications and their testimony by counsel for the prosecution and defense, and the power herein granted to appoint experts shall apply to the trial under the indictment as well as to the trial on the question of the defendant's mental condition. The appointment of expert witnesses and the calling thereof by the court shall not preclude the prosecution or defense from calling other expert witnesses to testify. The witnesses appointed and called by the judge shall be allowed such fees as in the discretion of the judge seem just and reasonable, having regard to the services performed by the witnesses. The fees so allowed shall be certified by the judge making the appointment and paid by the county where the indictment was found.''

The record shows that upon the motion of plaintiff in error the lower court made the following order:

"This day this cause came on to be heard upon the motion of the defendant, by his counsel, that a report of three disinterested, qualified physicians, appointed by the court, based upon their examination or observation of the mental condition of the defendant at the time of the commission of the alleged offense set out in the indictment .[be made], was argued by counsel and submitted to the court, and the court, being fully advised in the premises, finds said motion well taken and doth sustain the same.

"It is therefore ordered, adjudged, and decreed that the following three disinterested, qualified physicians to wit, W. D. Deuschle, Robert C. Tarbell, H. M. Brundage, be and are hereby appointed as disinterested, qualified physicians by the court to make such examination or observation of the defendant, John Bradshaw, as in their opinion may be necessary to ascertain the mental condition of the defendant at the time of the commission of the alleged offense set out in the indictment, and that said disinterested and qualified physicians arrive at a finding whether the defendant was sane or insane at the time of the commission of said alleged offense, as charged in the indictment, and the report of the three disinterested and qualified physicians, containing the results of their examination or observation of the defendant, be set out in writing, under oath, and filed with the clerk of this court, on or before the 26th day of May, 1928."

The record further shows that a jury was there-

upon impaneled and the question of the sanity of the plaintiff in error submitted to it.

The jury returned a unanimous verdict to the effect that the plaintiff in error was sane at the time of the commission of the said offense. No motion for new trial based upon this verdict was filed, and no proceedings in error were prosecuted to reverse such verdict of the jury on the question of the sanity of plaintiff in error.

The case thereupon proceeded to trial upon the indictment on the charge of murder in the first degree.

The case was tried upon all the evidence offered by the state and by plaintiff in error, and resulted in a verdict of guilty, as charged, without any recommendation of mercy.

During this trial the three doctors who had originally been appointed by the court to examine the plaintiff in error previous to the sanity hearing were again called, together with many other witnesses. Two of these doctors were called by the plaintiff in error, and the third was called by the state.

Upon rebuttal the state introduced the unanimous verdict of the jury which was rendered in the insanity hearing. This was admitted in evidence over the objection and exception of plaintiff in error.

Plaintiff in error insists that Section 13608, General Code, as above quoted, is unconstitutional and in violation of Section 10, Article I of the Constitution of Ohio, which provides among other things that no person shall be compelled to be a witness against himself, and also that upon any trial in any

court the party accused shall be allowed to meet the witnesses face to face.

In respect to the first question we find that the doctors appointed by the court testified as to their examination of the plaintiff in error for the purpose of forming an opinion as to his sanity. So far as the record shows, the testimony which they elicited was voluntary and does not violate the Constitution. We do not know whether any involuntary testimony was taken on the insanity hearing, as the record does not disclose the testimony on that trial.

In so far as the record shows, there was no violation of that constitutional provision. We do not think the statute in question contemplates the taking of testimony of the defendant in a criminal case contrary to the provisions of the Constitution. Upon the question of the acceptance of the verdict in the insanity hearing during the last trial we do not find that there was any violation of the constitutional provision in regard to the meeting of the witnesses face to face.

The verdict in the insanity hearing was procured through the motion of plaintiff in error and was based upon the testimony offered before that jury. That hearing was an incident of and a proceeding in the criminal case at which the plaintiff in error had a right to be present, and be represented by counsel, and there is no claim that such right was denied.

The clerk of the court was called to produce the verdict in the insanity hearing and to submit the same to the jury.

There have been numerous instances where a paper has been offered in evidence by the state in a

criminal case, upon proper identification by witnesses, such as a confession and so forth. See paragraph 4 of the syllabus in the case of *State* v. *Knapp,* 70 Ohio St., 380, 71 N. E., 705, 1 Ann. Cas., 819.

Another familiar instance is that of a prosecution for a second or third offense, when it becomes necessary for the state to prove conviction of the previous offense or offenses. Such previous conviction can only be properly shown by the record. This form of proof has been sustained by the Supreme Court in various cases.

In the case at bar the court charged the jury as follows: "Pursuant to the provisions of that statute, after a written claim of insanity was presented to the court, there was a separate trial had as to the question of insanity at the time. The trial was concluded and the jury by a unanimous verdict, that is to say, all twelve of the jurors, found the defendant sane at the time in question. That finding will be with you in your jury room. That is admitted by the court in this case simply as evidence. You are not bound by it. It is not conclusive. The defendant has a right in this trial to have the question of sanity or insanity at the time in question submitted to you for your determination, just the same as though no other trial had been had, and the only purpose of that finding is to bring in that much evidence which is to be considered by you along with all the other evidence submitted in the case to assist you in determining the fact of sanity or insanity at the time of the alleged offense."

We think the trial court fully and fairly presented to the jury the purpose for which this testimony was

admitted, and that its introduction under the charge of the court could not have prejudiced the rights of the plaintiff in error.

We have carefully examined all the testimony, and are of the opinion that the verdict of the jury is supported by the evidence.

We are also of opinion that the trial court fully and fairly presented all of the issues to the jury in its charge.

We have examined all of the errors complained of by counsel for plaintiff in error in their brief, but, finding no error in the record which we consider prejudicial to the plaintiff in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

FERNEDING and ALLREAD, JJ., concur.